UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| American Reliable Insurance Company a/s/o Nicole Moon<br><br>vs.<br><br>Commonwealth Edison Company,<br><br>    Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

COMES NOW the Plaintiff, American Reliable Insurance Company ("ARIC") as subrogee of Nicole Moon by and through undersigned counsel and brings this civil action against Commonwealth Edison Company ("ComEd"), for its causes of action states as follows:

## PARTIES

1. Plaintiff ARIC is an Arizona corporation, with its principal place of business in Phoenix, AZ, and has a registered statutory agent located at 3800 North Central Avenue, Suite 460, Phoenix, AZ 85012.

2. Defendant ComEd is an Illinois electric utility company, with its principal place of business in Chicago, IL, and has a registered statutory agent located at 1320 Tower Road, Schaumburg, IL 60173.

3. At all times relevant hereto, ARIC was approved to issue policies for real property casualty insurance within the State of Illinois.

4. At all times relevant hereto, ARIC insured property owned by Nicole Moon located at 1537 East Illinois Route 18, Streator, Illinois 61364 ("subject property"), pursuant to an insurance contract that gave ARIC the subrogation rights it claims herein.

5. At all times relevant hereto, it is believed Defendant ComEd owned and maintained the utility pole located on the subject property.

## JURISDICTION

6. At all times relevant hereto, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (Diversity of Citizenship), as the parties are citizens of different states.

7. Additionally, the amount in controversy exceeds $75,000, and the underlying event that gives rise to this action occurred within the jurisdiction of this Court.

## STATEMENT OF FACTS

8. On October 20, 2020, the subject property sustained structural fire damage resulting from a fire which originated from a leaning utility pole ("pole") owned by Defendant ComEd, located near a tree on the subject property.

9. On the date at issue, the pole failed to remain upright, permitting the

primary conductor to come into contact with a nearby tree, which caused fire damage to the subject premises.

10. A subsequent investigation into the cause of the loss revealed that the pole was left by the defendant in a leaning state, allowing the electrical cables were in contact with the tree.

11. On information and belief, the pole's wires were sparking against the tree, and embers from the resultant electrical arcing were carried onto the roof, igniting the leaves and causing the fire.

12. At all relevant times hereto, the pole was negligently maintained by Defendant ComEd directly causing the fire at issue.

13. As a result of defendant's failures and negligence plaintiff's insured suffered significant property losses.

14. As a result of those losses, plaintiff's insured was forced to make an insurance claim to Plaintiff ARIC.

15. Pursuant to its contract for insurance, plaintiff paid to, or on behalf of its insured, an amount equal to or above One Hundred Thirty-One Thousand Six Hundred Twenty-Four Dollars ($131,624.00).

16. Accordingly, Plaintiff ARIC is subrogated to the claims of its insured against the defendant pursuant to its contractual and equitable subrogation rights.

## COUNT I
*Negligence*

17. Paragraphs 1 – 16 are incorporated by reference as if fully reinstated.

18. Defendant owed a duty of care to ARIC's insured and all others potentially affected by its failure to exercise reasonable care in the care and maintenance of its utility pole located at the subject property.

19. Defendant breached this duty of care by its acts/omissions, or the acts/omissions of its employees, agents or assigns.

20. Defendant's negligent or grossly negligent acts/omissions include but are not limited to:

   a. Failing to properly maintain its utility pole;
   b. Failing to properly brace its utility pole;
   c. Failing to account for utility pole movement over time;
   d. Failing to properly protect its poles from trees;
   e. Failing to properly install poles so that they would not come into contact with trees;
   f. Failing to warn of the dangers of their utility poles;
   g. Failing to have properly trained staff monitoring the state of, care of, and use of its subject property;
   h. Such other acts or omissions constituting carelessness, negligence, gross negligence, wantonness and reckless disregard of safety as may appear during the course of discovery procedures or which may be adduced at trial of this case.

21. Defendant's negligence was the proximate and sole cause of the fire damage at the subject property.

22. Without defendant's negligent failings, the damages at issue would not have been suffered by plaintiff's insured and plaintiff's insured would not have been

caused to make an insurance claim.

23. As plaintiff paid to, or on behalf of its insured, an amount equal to or above One Hundred Thirty-One Thousand Six Hundred Twenty-Four Dollars ($131,624), it is entitled to recover said amount from Defendant pursuant to its right to subrogation.

WHEREFORE, Plaintiff ARIC demands judgment in its favor against the defendant in an amount in excess of $131,624.00 plus interests, costs and such other and further relief this Court deems proper.

Respectfully submitted,

The Plaintiff,
**AMERICAN RELIABLE INSURANCE COMPANY**,

By Its Attorneys,

/s/ *Johanna L. Tracy*
Attorneys for Plaintiff

Johanna L. Tracy – ARDC# 6278612
**CARDEN & TRACY**
30 N. LaSalle Street
Suite 2200
Chicago, IL 60602
Email: jtracy@ct-trial.com